IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DEBRA M. TRUITT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:08-CV-620-WKW |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>ORDER</u>**

The Magistrate Judge entered a Recommendation (Doc. # 26) that Plaintiff Debra Truitt's claim for Social Security benefits be denied and her case against Defendant Commissioner of Social Security ("Commissioner") be dismissed. Ms. Truitt filed an Objection (Doc. # 27) to the Recommendation, the Commissioner responded to the Objection (Doc. # 29.), and Ms. Truitt replied to the response. (Doc. # 30.) The case is now ripe for resolution. This court has conducted an independent and *de novo* review of those portions of the Recommendation to which objections have been made. 28 U.S.C. § 636(b)(1). Ms. Truitt presents five objections to the Recommendation.

Ms. Truitt's first objection is that the Administrative Law Judge ("ALJ") who heard her case did not properly qualify the vocational expert who testified for the Commissioner at the administrative hearing. According to the Objection, a case cited by the Magistrate Judge is inapposite because it did not deal with the issue of qualifying expert witnesses. Ms. Truitt misapprehends the proposition for which the case, *Diorio v. Heckler*, 721 F.2d 726,

728 (11th Cir. 1983), was cited. The Recommendation cites *Diorio* not to reject this claim on the merits, but to establish that the doctrine of harmless error applies to Social Security cases such as this one. In *Diorio*, the Eleventh Circuit found that an ALJ had made an error of fact and an error in the way he had classified the claimant's job skills, but that "[t]hese [were] harmless errors." *Id*. Likewise, the Magistrate Judge's point here is that even if the ALJ was in technical violation of a regulation by not qualifying the vocational expert through oral questioning, the error was harmless because the expert's credentials were admitted into evidence before the hearing began. (Doc. # 26 at 4.) Ms. Truitt does not dispute this conclusion or argue that the doctrine of harmless error is inapplicable. There is no error in the Magistrate Judge's finding that there is no entitlement to relief on this basis.

Second, Ms. Truitt asserts that the Recommendation failed to consider the impact of her mental state, specifically her alleged depression, on her ability to find a job. Ms. Truitt argues that the ALJ improperly ignored evidence the depression she suffered, and testimony from a psychologist that "depression secondary to her physical limitations . . . could be considered debilitating." (Doc. # 27 at 4.) As the Recommendation observed, however, the psychologist testified based on a simple reading of Ms. Truitt's file, and offered what essentially was informed speculation about the possible effects of Ms. Truitt's physical ailments on her mental state. (Doc. # 26 at 6-7 & n.6.) The Recommendation found that Ms. Truitt never saw a mental health professional in connection with her alleged depressive symptoms, and that her file contained no evidence that she actually had any mental problems

2

secondary to her physical disorders. (Doc. # 26 at 7.) The Objection does not take issue with these findings, but only reasserts that Ms. Truitt suffered severe and painful physical conditions. That much is not disputed, but it was not error for the ALJ to require more before concluding that Ms. Truitt also suffered from *mental* conditions sufficient to undermine her ability to work. The case law cited by the Recommendation supports this conclusion. (Doc. # 26 at 8.)

Third, Ms. Truitt argues that the Recommendation errs in failing to give controlling weight to the opinions of her treating physicians. As the Magistrate Judge found, this claim fails as a factual matter, because Ms. Truitt simply does not adduce any evidence that a treating physician has ever stated that she is unable to perform at least sedentary work. (Doc. # 26 at 17-18.) Indeed, the opinion of her primary treating physician, Dr. Patel, largely converges with the opinion of the non-treating physician who testified at the hearing, Dr. Brendemuehl. Both concluded that Ms. Truitt's abdominal pain limited the range of physical activities she should undertake and meant that she should perform only light work. The use of various adjectives, such as "debilitating," without further elaboration, does not answer the relevant question of what work Ms. Truitt can actually perform. The ALJ's finding that she is capable of performing sedentary work was supported by substantial evidence.

Fourth, Ms. Truitt argues that the ALJ did not fully credit her testimony about the extent of her limitations. Contrary to her initial argument, it is clear that the Magistrate Judge did consider this issue in section V.C. of the Recommendation, entitled "Pain." On the

3

merits, the Recommendation notes that the ALJ had found that Ms. Truitt's assertion that she suffered from disabling pain was not credible. While the ALJ found that the medical evidence as a whole supported a finding that Ms. Truitt suffered from some amount of pain as the result of her physical problems, she found that her statement at the hearing that even sedentary work was disablingly painful not to be credible. (Doc. # 26 at 9-11.) The content of this objection is cursory and lacking in argument. The item concerning a "medication list" (Doc. # 27 at 8) appears to misread the Recommendation, which does not state that no medication list was given by a particular doctor, but rather that the medication prescribed by that doctor was not considered by the ALJ because no *treatment notes* from that doctor had been offered into evidence. (Doc. # 26 at 11.)

This section of the Objection also claims that a typo in the medication list identified a medical doctor as a dentist. The ALJ's opinion did decline to consider a medication prescribed by this doctor because there was no explanation of how any dental work related to the claimed disability. (Doc. # 23 at 18-19.) But even now, Ms. Truitt does not offer an explanation of the actual purpose of the medication or her relationship with Dr. O'Brien. There is no showing that correcting the error would be relevant to the ALJ's conclusions, much less have compelled her to reach the opposite result. There is no error in the Recommendation's conclusion that the ALJ's findings were supported by substantial evidence.

Fifth and finally, Ms Truitt argues that the Appeals Council did not properly consider

the records of treatment subsequent to her hearing before the ALJ. This objection is not accompanied by any explanation of what the supposed new evidence consisted of, or how it would have changed the outcome of this case. The Appeals Council stated that it considered as new evidence letters from Ms. Truitt's attorney and "[t]reatment records for the period ending March 23, 2007." (Doc. # 23 at 8.) In none of her filings in this court has Ms. Truitt elaborated on what these new treatment records consisted of, much less explained how they should have caused the Appeals Council to reach a different conclusion. No authority required the Appeals Council to undertake a detailed discussion of the new records. Accordingly, this objection lacks a factual basis, or, put another way, any possible error was harmless because Ms. Truitt has not shown how it had any impact on the outcome of her case.

Accordingly, it is ORDERED that:

(1) The Recommendation (Doc. # 26) is ADOPTED;

(2) The Objection (Doc. # 27) is OVERRULED;

(3) The decision of the Commissioner is AFFIRMED, and;

(3) This case is DISMISSED with prejudice, with costs awarded to the Defendant.

A separate judgment will be entered.

DONE this 7th day of January, 2010.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE